## Taylor v. Eblinger Shoe Manufacturing Company.

### (Decided December 18, 1923.)

## Appeal from Boyd Circuit Court.

Sales—On Sale by Sample, Notice of Defects Must be in Reasonable Time—Offer to Return Defective Goods, and Holding Subject to Seller's Order, Sufficient Rejection.—If buyer deemed shoes inferior to sample, it became his duty to immediately notify the seller of the fact, and of his rejection, and either to return the shoes or offer to do so; but if he offered to return the shoes, and thereafter retained them subject to seller's orders, such retention was not an acceptance of the shoes, or a waiver of his right of rejection.

B. S. WILSON for appellant.

COLDIRON & HARRIS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Plaintiff, now appellee, sued to recover $740.00 on a merchandise account. The defense was a breach of warranty and from a judgment for plaintiff for the full amount of its claim the defendant appeals. The defendant, now appellant, is a merchant at Ashland, Ky., and the appellee a wholesale shoe manufacturer. It appears from the evidence that on the 4th day of February, 1920, appellant gave an order to appellee's salesman for the shoes in question, same to be manufactured and delivered about October 1st, the sale being made by sample; that they were made and delivered at that date; that upon their receipt appellant examined them and decided they were inferior to the samples in material and workmanship; that he returned the invoices with this notation on the margin, "No use to return this invoice; goods will be returned. R. M. Taylor."

Appellant also offered to prove the contents of a letter to appellee in reference to them, which was refused, but on cross-examination he was asked by appellee's counsel why he had never returned the shoes to the company, and answered, "I wanted to, and offered to return them all the time, and held them all the time subject to their order."

It further appears that the goods were stored in his store room but that he never accepted them and has

never used any of them. It also appears from the testimony of several witnesses who examined the goods that they are of inferior quality.

The court in its instructions substantially told the jury that if upon a prompt examination the defendant ascertained the shoes to be inferior to the samples in quality or workmanship and for that reason undertook to reject them, it became his duty to return them within a reasonable time, and if he failed to do this or kept or accepted them he was bound for the price thereof.

We do not consider this a correct exposition of the law. If under such circumstances appellant deemed the shoes inferior to the sample it became his duty to immediately notify the appellee of that fact and of his rejection of the order and either to return the shoes or offer to do so. If he did this and thereafter retained the shoes subject to plaintiff's orders such retention would not be an acceptance of the goods or a waiver of his right of rejection.

There was sufficient evidence as to the inferiority of the goods to authorize submission of that question to the jury. It is also clear that the defendant refused to accept the goods and there is evidence to the effect that he promptly offered to return them. This latter evidence, as above indicated, was not objected to and no complaint is now made of it; the natural inference is that it was made otherwise than by writing, but, however that may be, it was uncontradicted, and it would seem that under the facts proven the only question that should have been submitted to the jury in that trial was as to whether the goods were in accordance with the sample.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.